UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KCOR CONSTRUCTION, INC. | : | |
|    *Plaintiff* | : | |
| | : | |
| VS. | : | C.A. NO.: |
| | : | |
| RICHARD BERKOWITZ AND | : | |
| MARY D'ALTON | : | |
|    *Defendants* | : | |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

### **Parties**

1. The Plaintiff, KCOR Construction, Inc. (hereinafter "KCOR" or "the Plaintiff"), is a duly organized and existing corporation pursuant to the laws of the State of Rhode Island, have its principal place of business at 1266 East Main Road in Middletown, Rhode Island.

2. KCOR is owned and operated by Kevin Coristine ("Mr. Coristine"), a resident of Middletown, Rhode Island.

3. Upon information and belief, the Defendants, Dr. Richard Berkowitz ("Dr. Berkowitz") and Dr. Mary D'Alton ("Dr. D'Alton", collectively "the Defendants"), are residents of New York, New York, and are the owners of 100 Harrison Avenue in Newport, Rhode Island.

### **Jurisdiction & Venue**

4. Venue in this District is proper under 28 U.S.C. § 1391(b)(2), as the events, omissions, and actions giving rise to the Plaintiff's claims occurred in the District of Rhode Island.

5. The Court has jurisdiction over this matter under 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00 and parties are citizens of different States.

### **Facts**

6. On or about September 14, 2020, the Defendants purchased the property located at 100 Harrison Avenue ("the Property") in Newport, Rhode Island for the sum of Two Million Eight Hundred Fifty Thousand and 00/100 Dollars ($2,850,000.00).

7. In October 2020, Dr. D'Alton met with Mr. Coristine to discuss engaging KCOR to serve as General Contractor for renovations and improvements to the Property.

8. No written agreement was executed by the parties; only a verbal agreement memorialized KCOR's provision of services.

9. KCOR worked on the property from February 2021, through October 2022.

10. The work was performed under three separate building permits: #128114 which concerned the remodeling of the bathrooms, the additional of one full bathroom and one half bathroom, new drywall, and the reconfiguration of the interior walls for a new office and laundry area, #130657 which concerned an addition to the Property, the remodeling of the exterior entrance, and the enlargement of the kitchen, and B-22-647 which concerned renovations to the roof, floor, electrical, plumbing, insulation, drywall, the addition of another bathroom, and work on the interior doors and door trim.

11. A dispute regarding compensation for the labor and materials provided by KCOR arose between the parties in the fall of 2022.

12. On September 27, 2022, the parties entered into a written agreement wherein the Defendants requested all invoices, time cards, and supporting materials from KCOR. Failure to provide the aforementioned items would result in the termination of KCOR.

13. KCOR produced copies of the documents requested in the written agreement.

14. Mr. Michael Terra ("Mr. Terra") owns Teaticket, LCC, a property management and design firm that was hired by the Defendants during the renovations.

15. KCOR requested that Mr. Terra perform a full accounting of the labor and materials provided by KCOR and the payments made by the Defendants.

16. Mr. Terra completed his comprehensive accounting and copies of the same were given to the parties on or about October 19, 2022.

17. Mr. Terra calculated that the total cost of the work performed by KCOR was $2,255,463.24 and that the Defendants had only paid $1,902,056.00 to date. According to the accounting, the Defendants owed a balance of $269,162.03.

18. On October 22, 2022, KCOR was terminated as general contractor.

19. The Defendants have refused to satisfy the outstanding amount owed to KCOR.

## COUNT I – BREACH OF CONTRACT

20. The Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in Paragraphs 1 through 18 of the Complaint in Paragraph 19, as if fully set forth herein.

21. The agreement between the parties obligated the Defendants to compensate KCOR for their work and materials.

22. The Defendants refuse to compensate KCOR for the entirety of the materials utilized and the work performed.

23. This failure constituted a material breach of the contract.

24. As a direct result of the Defendants' breach of contract, the Plaintiff has suffered actual damages and other damages recoverable under the full extent of the law.

WHEREFORE, the Plaintiff, KCOR Construction, LLC, hereby demands judgment against the Defendants, jointly and severally, in a sum sufficient to invoke the jurisdiction of this Court, together with interest and costs, and other such relief as this court shall deem just and appropriate.

### COUNT II – QUANTUM MERUIT

25. The Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in Paragraphs 1 through 23 of the Complaint in Paragraph 24, as if fully set forth herein.

26. KCOR has conferred a measurable benefit upon the Defendants.

27. Defendants have appreciated said benefit.

28. KCOR improved the Property through their labor and materials.

29. The value of the labor and materials provided by KCOR was $2,255,463.24.

30. The Defendants owe an outstanding balance of $269,162.03.

31. Retention of the benefits would be inequitable absent Defendants' payment of the outstanding balance for the labor and materials.

WHEREFORE, the Plaintiff, KCOR Construction, LLC, hereby demands judgment against the Defendants, jointly and severally, in a sum sufficient to invoke the jurisdiction of this Court, together with interest and costs, and other such relief as this court shall deem just and appropriate.

### PLAINTIFF DEMANDS A TRIAL BY JURY

                                    Plaintiff,
                                    KCOR Construction, Inc.
                                    By Its Attorneys,

                                    Andrew Plocica_____
                                    Rajaram Suryanarayan (#4451)
                                    Andrew Plocica (#10134)
                                    GUNNING & LAFAZIA, INC.
                                    33 College Hill Road, Suite 25B
                                    Warwick, Rhode Island 02886
                                    Telephone: (401)521-6900
                                    Facsimile: (401)521-6901
                                    Email: rsury@gunninglafazia.com
                                                    aplocica@gunninglafazia.com

Date: September 17, 2024